ROGERS *versus* KENNEBEC & PORTLAND RAILROAD CO.

No exceptions can be taken to the omission of the Judge to instruct the jury upon a question raised in the argument of counsel, unless he is requested, or it is material for their consideration and decision.

A motion to set aside a verdict, as against evidence, must be sustained with a report of the *whole* evidence submitted to the jury.

Without such certified report, the Court have no authority to consider the motion.

ON EXCEPTIONS and motion for a new trial, from *Nisi Prius*, TENNEY, J. presiding.

CASE.

The action was before the Court on a former occasion, 35 Maine, 319, and the nature of it may there be found.

The counsel for the plaintiff contended in his *argument*, that this was not a navigable stream within the meaning of R. S., c. 126, § 1, and that if so, plaintiff by force of that statute had a right to erect and maintain his dam to raise water for working his mill. But the Judge omitted to give any instructions in relation to the right of mill owners, under that provision of the statute, no request being made therefor.

For such omission the plaintiff excepted.

A verdict was returned for plaintiff for $106,66.

The defendants filed a motion to set it aside as against the evidence, the weight of evidence and the instructions of the Court.

The plaintiff having claimed a prescriptive right to flow the lands above defendants' embankment, the jury were directed to find whether he had such right, and also if they should find a verdict for the plaintiff, to ascertain and be able to say what amount, if any they found, for an unreasonable detention of plaintiff's logs.

The jury answered, that they found the plaintiff had no prescriptive right to flow where he claimed, and that they found $6,66, as the damages for the detention of the logs; and upon being inquired of, for what the residue of the verdict was rendered, answered, " for the stopping of the fresh water of the stream."

With the evidence reported was the following. — " The plaintiff introduced testimony tending to show the extent of the injury he had sustained in consequence of the diminution of the head of water, caused by the obstruction to the flow of the tides above the embankment, and also the damages he had sustained by the detention of the logs above the embankment, in consequence of the improper construction of the culvert; but it is not deemed necessary to report that testimony upon the motion filed in this case, as the defendants raise no question upon this part of the case under the special finding of the jury."

The certificate of the presiding Judge was as follows:—

" The foregoing is a correct report of the evidence, so far as it had any bearing upon the question whether the damage found by the jury, aside from that found to have been caused by the unreasonable detention of the logs of plaintiff, was excessive."

*Evans,* for defendants, argued, that that part of the verdict " for stopping the fresh water of the stream could not be sustained by any evidence in the case."

*Gilbert,* for plaintiff, contended, that defendants did not

present their case in conformity to the requirements of the law.

*Evans,* in reply.—Every word of the testimony, having any bearing on the question presented, is fully reported. It is so stated in the certificate of the Judge.

The question now is, was there any evidence to authorize the jury to give any damages whatever for obstructing the running of the water in the fresh water stream? This was a ground of action hardly set forth in the writ, scarcely thought of at the trial, and on which no testimony was introduced.

The ground of complaint in behalf of plaintiff was the exclusion of the tide waters.

The plaintiff's mills, as testified by Sewall, are " altogether dependent on the tides for water power." " At low tide it was entirely bare (in the creek,) there," where the embankment was built.

Upon this ground the plaintiff failed. He had no right to retain the tides for the use of his mills.

Upon what evidence then was the verdict rendered?

The counsel argues, that it does not appear what was the character of the stream, its width, depth, configuration of the bottom and other things, showing its capacity, &c., which he deems material elements.

If all this does not appear, it is because there was no testimony upon the subject. If the plaintiff claimed damages, and was entitled to damages from any diminution of his water power, by reason of obstructions in the stream, the burden was upon him to show it, and the extent of it. It was his duty to show that the stream was capable of affording power, and that he had in fact, not in theory, been deprived of its beneficial use by the acts of the defendants.

But no such proof was adduced, and now that the jury have rendered a verdict without a particle of evidence, the counsel complains that the case does not show such proof.

The report shows, that there was no such evidence, nothing whatever to justify the finding.

The testimony which was offered, tending to show the extent of the injury received in consequence of shutting out the tide, had no connection with, and no bearing whatever upon, the circumstances and condition of the fresh water stream.

And as to the "nature of the bottom" of the pond above the embankment, its porousness, evaporation, &c., &c., there was no evidence in the case, and hence none could be reported.

SHEPLEY, C. J. — The case is presented by a bill of exceptions on behalf of the plaintiff; and on behalf of the defendants by a motion to have the verdict for the plaintiff set aside as against evidence.

The exceptions are taken to an omission to instruct the jury respecting the right of the plaintiff to erect and maintain his dam, there having been no request for such instructions. It does not appear from the case, as presented, that such a question became material for consideration and decision by the jury. The exceptions must therefore be overruled.

The argument for the defendants upon the motion is not limited to the question whether the damages, other than those assessed for detention of logs, were excessive. It insists, that the jury had no legal right to find any such damages.

While the argument for the plaintiff insists, that the case on the motion has not been properly presented; that all the material evidence has not been reported bearing upon that question.

The report does not purport to present all the evidence before the jury.

The certificate of the presiding Justice stating, that it is a correct report of the evidence, so far as it had any bearing upon the question, whether the damages, other than those found for the detention of logs, were excessive.

On the motion, the case can only be entertained by virtue

Rogers *v.* Kennebec & Portland Railroad Company.

of the provisions of the Act of 1852, c. 246, § 8. The class of cases to be thus presented, comprehends "all motions for new trial upon evidence as reported by the presiding Justice."

Was it the intention to authorize the presiding Justice to report such portion of the evidence as he might consider to be the whole relating to a particular point, or as material to a decision of it; or was it the intention to have the whole evidence submitted to the jury reported?

What one Justice or one counsel might consider to be the whole or the material evidence bearing upon the point another might not.

The Court of law must regard the report as correctly made. This might subject the rights of a party to the control of the presiding Justice without affording him any relief for errors in the selection of what would present the whole or be material for a decision of the question.

If this be the true construction, it will introduce a practice entirely new and liable to occasion, as in this case, contests, whether all or all material evidence upon a point has been reported. The intention is believed to have been, not to introduce a change so important and objectionable, but to continue a former practice of allowing a party thinking himself aggrieved by a verdict, to present in an authenticated form all the evidence, on which that verdict was found for consideration by the Court.

This being regarded as the correct construction, the case is not so presented by the report as to enable the Court to act upon it. The motion not being properly sustained must be overruled.

*Exceptions and motion overruled.*

RICE, APPLETON, and CUTTING, J. J., concurred.